```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

JAMES YUNGK, et al.,            :
    Plaintiffs,                 :
                                :      Civil No. 3:06CV00120(AVC)
v.                              :      Civil No. 3:07CV00111(AVC)
                                :
CAMPBELL HAUSFELD/ SCOTT        :
FETZER COMPANY, et al.          :
    Defendants.                 :
```

**RULING ON THE DEFENDANTS' MOTIONS TO CONSOLIDATE, AND MOTION TO STRIKE, AND THE INTERVENOR PLAINTIFF'S MOTION TO INTERVENE, AND ORDER TO SHOW CAUSE**

These are actions for damages. They are brought pursuant to the Connecticut Product Liability Act, Conn. Gen. Stat. § 52-572m et seq. The plaintiffs, James Yungk and Joyce Yungk ("Yungks"), alleges in two separate actions that James Yungk was injured by a defective grinding wheel, and further, that the defendants, the manufacturer, distributor, wholesaler, and retailer of the grinding wheel, are liable to the Yungks for damages. James Yungk's former employer, Lynch Motors, has intervened in one of these actions, alleging that it is entitled to the reimbursement of worker's compensation benefits that it has paid to Yungk.

The defendants now move to consolidate the two actions, to strike portions of the complaint, and for sanctions. Further, Lynch Motors moves to intervene in the action to which it is not already a party.

The issues presented are: 1) whether the two actions present common questions of law or fact; and 2) whether portions of the Yungks' complaint are so unintelligible as to warrant a judicial

remedy.

For the reasons set for hereinafter, the motions to consolidate are GRANTED, and the motions to intervene and to strike are DENIED.

**I. Motions for Consolidation**

Sherwin Williams Company ("Sherwin Williams") and Campbell Hausfeld/ Scott Fetzer Company, defendants in Civil No. 3:07CV00111(AVC) and Civil No. 3:06CV00120(AVC) respectively, have individually have moved in their respective cases to consolidate these two actions. Specifically, both argue that the actions concern "common questions of law and fact," and that "judicial economy and the interests of the parties will be served by consolidation." Neither the Yungks nor Lynch Motors has responded to these motions.

The Federal Rules of Civil Procedure provide that when "actions involving a common question of law or fact are pending before the court, . . . it may order all the actions consolidated. . . ." Fed. R. Civ. Pro. 42(a). If the court determines that actions do involve a common question of fact or law, consolidation will usually be allowed unless the opposing party can show prejudice. See Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Group, Inc., 878 F.2d 5, 8 (1st Cir. 1989). In this regard, the "court has broad discretion to determine whether consolidation is appropriate." Johnson v.

Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990).

Having reviewed the complaints in these two matters, the court concludes that the actions concern common questions of fact and law regarding the damages allegedly sustained by the Yungks while James Yungk was operating a grinding wheel. Accordingly, pursuant to Federal Rule of Civil Procedure 42(a), the motions to consolidate are granted. Hereafter, the parties shall file all pleadings and other papers in the docket of the earliest filed action, Yungk v. Campbell Hausfeld/ Scott Fetzer Co., 3:06CV00120(AVC). See D. Conn. L. Civ. R. 42. To facilitate the crafting of an amended scheduling order in this matter, within thirty days of the entry of this ruling, the parties shall confer and jointly file a report satisfying the requirements of local form 26(f). See D. Conn. L. Civ. R. App.

**II. Motion to Intervene**

Lynch Motors has moved to intervene in the action to which it is not already a party. As the two actions are now consolidated, the motion to intervene is DENIED as moot.

**III. Motion to Strike or for a More Definite Statement**

Sherwin Williams next moves to strike portions of the Yungks' complaint. Specifically, Sherwin Williams seeks to strike paragraphs 10(c), (d), and (e), which that state that "by virtue of General Statute § 52-572m et seq.," the defendants are liable :

> c. in that the warnings and instructions which were given and which accompanied said grinding wheel were inadequate and failed to provide sufficient notice to the plaintiff of the dangerous propensities of said product;
>
> d. in that the defendants misrepresented to the plaintiff and the general public that the product in question was safe for use by the public; [and]
>
> e. in that the defendants failed to disclose to the plaintiff and the general public the dangerous propensities of the product. . . .

These allegations are preceded in the complaint by a statement that the defendants liable "in that the defendants failed to warn or instruct the plaintiff that the product in question was dangerous and subject to instantaneous explosion. . . ." Sherwin Williams contends that this initial allegation is sufficient, and that those that follow should be stricken as "redundant, immaterial and impertinent." The Yungks have not responded to Sherwin Williams's motion.

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Despite the rule's clear terms, the Second Circuit has set a high standard for its application, cautioning that "courts should not tamper with the pleadings unless there is a strong reason for doing so." Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976). As such, the striking of a pleading pursuant to Rule 12(f), "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague or

4

otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). Ultimately, motions to strike "are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." Lennon v. Seaman, 63 F. Supp. 2d 428, 446 (S.D.N.Y. 1999) (citation omitted).

While perhaps redundant,[1] the portions of the complaint in question are not "so confused, ambiguous, vague or otherwise unintelligible" as to disguise their meaning. See Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). Accordingly, the court concludes that there is no "strong reason" to excise them from the complaint. See Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976). As such, the motion to strike is denied.

Alternatively, Sherwin Williams would have the court order the Yungks to file a more definite statement in order to clarify the meaning of these seemingly repetitious allegations. In this respect, the motion is also denied.

Pursuant to Federal Rule of Civil Procedure 12(e), the court

---

[1] Without presently attributing any legal import to the distinctions made in paragraphs 10(b), (c), (d), and (e), it would seem that a failure to warn the plaintiff of danger, a failure to adequately warn the plaintiff of danger, a misrepresentation that a product is safe, and a failure to warn the public of danger are conceptually distinct notions.

5

can only grant a motion for a more definite statement where a pleading is "so vague or ambiguous that [the] party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). In this regard, a pleading is not subject to attack under Rule 12(e) if it satisfies the provisions of Rule 8(a) requiring a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a); Kelly v. L.L. Cool J., 145 F.R.D. 32, 35 (S.D.N.Y. 1992). Such a statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

It is not readily apparent why the Yungks drafted the complaint in such pleonastic terms. Nevertheless, it is sufficiently clear that the complaint alleges that the defendant, as the distributor of a defective grinding wheel, is liable "by virtue of General Statute § 52-572m et seq.," the Connecticut Product Liability Act. Further, it is clear from the complaint that this liability stems in part from Sherwin Williams's alleged failure to warn the plaintiffs and the public of danger, from the inadequacy of any warning that Sherwin Williams gave, and from

Sherwin Williams's misrepresentations regarding the nature of the grinding wheel. Such allegations are sufficient to satisfy the notice pleading requirements of Rule 8(a), and as such, are not the proper subject of an attack brought pursuant to Rule 12(e). According, the motion for a more definite statement is denied.

**III. Motion for Sanctions**

Finally, Sherwin Williams moves for sanctions against the Yungks in light of their failure to participate in a scheduling conference, as required by Federal Rule of Civil Procedure 26(f). Specifically, Sherwin Williams argues that sanctions are appropriate because the Yungks "have made no response" to Sherwin Williams's "numerous attempts . . . to contact the plaintiffs in order to appropriately and sufficiently proceed with discovery in this case. . . ." The Yungks have not responded to this motion.

Pursuant to Rule 26(f), "the parties must, as soon as practicable . . . , confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, . . . and to develop a proposed discovery plan. . . ." Fed. R. Civ. P. 26(f). The court's local rules require that the "conference . . . be initiated by the plaintiff," and be held "[w]ithin thirty days after the appearance of any defendant. . . ." D. Conn. L. Civ. R. 26(e). Where a party fails to comply with Rule 26(f), "the court may, after opportunity for hearing, require such party or

7

attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure."

As the Yungks have yet to be afforded a hearing regarding sanctions, the court declines to rule on the motion for sanctions.  Nevertheless, the Yungks are ordered to show cause as to why they shall not pay the reasonable expenses, including attorney's fees, incurred as a result of their failure to participate in the development and submission of a proposed discovery plan.  <u>See</u> Fed. R. Civ. Pro. 37(g).  Following the entry of this order, the Yungks shall have ten days to respond and to request a hearing on the matter.  Absent a request from the Yungks, no hearing will be scheduled.

Additionally, within ten days of the entry of this order, Sherwin Williams shall file with the court an affidavit detailing the reasonable expenses, including attorney's fees, caused by the Yungks' failure to participate in the development and submission of a proposed discovery plan.

**CONCLUSION**

The motions for consolidation (Civil No. 3:06CV0120(AVC) document no. 49, and Civil No. 3:07CV0111(AVC) document no. 18) are GRANTED. The motions to intervene (Civil No. 3:06CV0120(AVC) document no. 43) and to strike (Civil No. 3:07CV0111(AVC) document no. 10) are DENIED.

It is so ordered this 17th day of July, 2007, at Hartford, Connecticut.

_____/s/_____
Alfred V. Covello, U.S.D.J.